IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIE PIPKINS, | § | |
| | § | No. 408, 2019 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1712014290 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 10, 2020
Decided: April 14, 2020

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

After careful consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     On the morning of December 26, 2017, Trooper Andrew Valeski and Corporal Brian Holl of the Delaware State Police were patrolling the Rodney Village area of Kent County in Trooper Valeski's marked vehicle. The officers initiated a traffic stop of a maroon-colored GMC Envoy operating with a broken taillight. Corporal Holl approached the vehicle, explained the reason for the stop to the driver and the sole occupant of the vehicle—later identified as the appellant, Willie Pipkins.

In response to Corporal Holl's request to see his license, registration, and proof of insurance, Pipkins was unable to produce a valid driver's license.

(2) As Corporal Holl engaged with Pipkins, he detected a strong odor of marijuana emanating from the vehicle. As a result, Corporal Holl and Trooper Valeski removed Pipkins from the vehicle and conducted a contraband search of the car. During the course of their search, the officers found a loaded Smith & Wesson .38-caliber revolver in a lunch box in the trunk of the vehicle. It appeared to the officers that the firearm's serial number had been removed. After Corporal Holl informed Pipkins of his *Miranda* rights, Pipkins admitted that the firearm was his. The officers transported Pipkins to the police station, where Trooper Valeski conducted a recorded formal interview of Pipkins and Pipkins made additional incriminatory statements. A grand jury later indicted Pipkins for carrying a concealed deadly weapon ("CCDW"), possession of a firearm by a person prohibited ("PFBPP"), possession of a firearm with an obliterated serial number, driving without a license, and operating a vehicle with improperly illuminated taillights.

(3) Before trial, the defense filed a motion to suppress Pipkins' statements, arguing that they had been obtained in violation of Pipkins' *Miranda* rights. Following a suppression hearing, the Superior Court denied the motion, finding (i) Corporal Holl's testimony—that he had informed Pipkins of his *Miranda* rights and

2

that Pipkins had waived those rights—to be credible[1] and (ii) that Trooper Valeski did not have a duty to re-*Mirandize* Pipkins at the police station.

(4) The State's only two witnesses at trial were Trooper Valeski and Corporal Holl, who testified as they did at the suppression hearing. The Superior Court jury acquitted Pipkins of CCDW and possession of a firearm with an obliterated serial number but found Pipkins guilty of PFBPP and the traffic offenses. Following a presentence investigation, the Superior Court sentenced Pipkins on the PFBPP charge to ten years of Level V incarceration, followed by one year of Level III probation. The Superior Court imposed fines for Pipkins' traffic violations. Pipkins appeals to this Court.

(5) Pipkins' counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, there are no arguably appealable issues. Pipkins' attorney informed him of the provisions of Rule 26(c) and provided Pipkins with a copy of the motion to withdraw and a draft of the accompanying brief. Although counsel informed Pipkins of his right to supplement his attorney's presentation, Pipkins has raised no issues for this Court's consideration. The State has responded and has moved to affirm the Superior Court's judgment.

---

[1] Corporal Holl could be heard beginning to advise Pipkins of his *Miranda* rights on the recording captured by Trooper Valeski's microphone, which automatically began recording when he activated the emergency lights on his vehicle to initiate the traffic stop.

3

(6)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims.[2] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(7)     The Court has reviewed the record carefully and has concluded that Pipkins' appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Pipkins' counsel has made a conscientious effort to examine the record and the law and has properly determined that Pipkins could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson*, 488 U.S. at 81.